**BARTON v. JOHNSON, Bank Com'r of Oklahoma, et al.**

No. 6053.

District Court, W. D. Oklahoma.

Oct. 1, 1938.

Clayton Carder, of Hobart, Okl., for plaintiff.

Houston E. Hill and Everest, McKenzie & Gibbens, all of Oklahoma City, Okl., for defendants.

VAUGHT, District Judge.

The plaintiff brings this action to recover from the Federal Deposit Insurance Corporation the sum of $5,000 which she alleges was on deposit in the First State Bank of Cheyenne at the time of its failure.

The plaintiff, Bessie C. Barton, is the only child of J. W. Cooper, now deceased and formerly a stockholder in the First State Bank of Cheyenne and a depositor in said bank from the time of its organization. J. W. Cooper was a man owning considerable property in Roger Mills and adjoining counties, and in 1925, some ten years after the death of his wife and several years after the marriage of his daughter, he was married to one Willie T. Bowman. Cooper was a close friend of the Thurmonds, the owners of the bank at Cheyenne and was a personal friend of R. N. Higgins, Jr., who for many years had been the managing officer of said bank. Cooper at all times carried a very substantial deposit in the bank and was recognized in the community in which he lived as one of its best citizens and a man of integrity. He frequently intrusted to the care of Higgins, the payment of his taxes and the payment of various bills that would come to the bank. He had absolute confidence in Higgins.

In December, 1934, Mr. Cooper advised Mr. Higgins, who was then the President of the bank, to transfer from his account the sum of $5,000 and place the sum to the credit of Bessie C. Barton, the plaintiff herein. A debit slip was prepared showing the transaction and an individual ledger sheet in the name of Mrs. Bessie C. Barton was prepared, and the transfer of said $5,000 from the account of Cooper to the ac-

count of his daughter was made in the bank. It appears from the record that Mr. Higgins did not make the transfer on the books of the bank on the day he was requested but that it was made on the 22nd day of January, 1935. The bank did not send a duplicate deposit slip to the plaintiff but the cashier, Mr. Erwin, an officer of the bank, testified Mr. Higgins instructed him to take $5,000 out of Mr. Cooper's account and place it to the credit of Bessie C. Barton. He further testified that no deposit slip or credit slip was used but the deposit was handled by opening a ledger sheet crediting Bessie C. Barton with $5,000.

According to the testimony of J. W. Cooper, which was given in a deposition taken a short time prior to his death and after the filing of this action, and the testimony of the plaintiff, Bessie C. Barton, Cooper advised his daughter that he had made this deposit in the bank for her and she testified that she had knowledge from her father that the deposit was made.

Cooper and the plaintiff had absolute confidence in the bank and after the bank closed they learned for the first time that Higgins had transferred this deposit from Bessie C. Barton back to Cooper's account. It appears from the record that Higgins was a friend of the present Mrs. Cooper although there is no positive testimony to the effect that Mrs. Cooper requested this transfer by Higgins.

Cooper testified in his deposition that he had never at any time given Higgins any instructions or made any request of Higgins that Higgins transfer the deposit from his daughter back to Cooper's account and the fact that the $5,000 had been transferred from Bessie C. Barton to J. W. Cooper was not disclosed in any manner until after the bank failed.

It is the contention of the defendant insurance corporation that this was not a deposit but was more or less a gift; that it was temporary and that Cooper requested Higgins to make this transfer and later directed Higgins to make the transfer from Bessie C. Barton back to Cooper.

The only evidence in support of this is the testimony of R. N. Higgins, Jr., an officer of the Bank. The court is not inclined to give much consideration to the testimony of Higgins. He has been convicted of a felony in this court and the record in this case discloses that he was in the habit of doing most anything with the assets of this bank that he wanted to and in a large sense he regarded the deposits in the bank as subject to his control.

Higgins testified that he considered Mr. Cooper an honorable gentleman and one whose word was worthy of belief.

If this deposit was made, even though it were a gift, and the deposit was actually entered upon the books of the bank and the plaintiff herein was notified by her father that the deposit was made, then the deposit could not be taken from Bessie C. Barton's account and replaced in J. W. Cooper's account without the consent of Bessie C. Barton. The court regards this as a completed transaction. Whether it was a gift or not, a legal deposit in the name of Bessie C. Barton was actually made in the bank.

The record further discloses that in 1925 a prenuptial contract was entered into by J. W. Cooper, his daughter, Bessie C. Barton, and Willie T. Bowman, the lady whom Cooper later married, and in this contract certain personal property was set aside to Bessie C. Barton but the control and handling of it was left in the hands of Cooper during his lifetime. There is ample basis for Cooper setting this money aside to his daughter, as he stated in his deposition that he had sufficient money on deposit to spare the payment of $5,000 to his daughter and he thought that would decrease his obligation to her just that much.

There is no question in the court's mind but that this deposit was made; that it was made in good faith; that it was a completed transaction; and, that the acts of Higgins, in transferring this back to J. W. Cooper and destroying the records of the bank, were done for ulterior purposes without the knowledge of either Cooper or the plaintiff in this case.

It is not necessary to review further the record or to lengthen this opinion by reviewing the authorities cited. The conclusion is elementary that if this were a completed transaction and the deposit were made, the title to this deposit was vested in Bessie C. Barton and no act of the bank would affect her rights.

Under the evidence in this case, this deposit was secured by the Federal Deposit Insurance Corporation and the court has no hesitancy in reaching the conclusion that the insurance corporation is liable for this deposit and so holds.

Findings of fact, conclusions of law and a form of judgment, consistent with this opinion, may be submitted. An exception is allowed the defendant.